UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID SWEITZER, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NUMBER |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| PROFESSIONAL RECOVERY ) | |
| SERVICES, INC. ) | |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT

This is an action brought by the Plaintiff, David Sweitzer, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

### PARTIES

1.  The Plaintiff, David Sweitzer ("Sweitzer" or "Plaintiff"), is a resident and citizen of the state of Alabama, Jefferson County, is over the age of twenty-one (21) years, and is a "consumer" as defined by the FDCPA.

2.  The Defendant, Professional Recovery Services, Inc. ("PRS" or "Defendant"), is a New

New Jersey corporation who is registered with the Alabama Secretary of State. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

### *Background*

3. Plaintiff entered into a loan contract (the "loan") with HSBC-Auto for the purpose of buying a 2006 Honda Accord.

4. Plaintiff used the vehicle for personal, family, and/or household uses.

5. Due to financial difficulties, Plaintiff was unable to make the payments on the loan as agreed, so he allowed the car to be repossessed.

6. Upon information and belief, the car was subsequently sold at auction, and allegedly, a deficiency balance remained on the loan (the "debt").

7. According to Defendant, HSBC sold the debt to Thornton Holdings, who engaged Defendant to attempt to collect the alleged debt.

8. Beginning in December, 2008, the Defendant began a campaign of harassment and abuse towards Mr. Sweitzer in an attempt to collect the alleged debt.

### *Messages Left on Plaintiff's Answering Machine*

9. Defendant left numerous messages on Plaintiff's cell phone.

10. These communications failed to disclose that they were from a debt collector, and that they were an attempt to collect a debt, and that any information obtained would be used for that purpose.

11. For instance, one message stated only: "Please call [Lou] Weinberg with PRS at 866-

556-2117. Again, please call [Lou] Weinberg with PRS at 866-556-2117."

### *Improper Third Party Contacts*

9. Defendant called and left numerous messages on the answering machine of Plaintiff's parents.

10. Those communications also failed to disclose that they were from a debt collector, and that they were an attempt to collect a debt, and that any information obtained would be used for that purpose.

11. All such communications with Plaintiff's parents were improper third-party contacts.

### *Harassing Communications*

12. On or about February 4, 2009, Plaintiff called the number provided to determine what the calls were about.

13. Plaintiff spoke with an agent/employee who identified herself as "Tara", who was rude and belligerent to Plaintiff.

14. Plaintiff complained to the agent/employee about the numerous calls that had been made to his parents, to which the agent/employee responded "is this all you are concerned with…me calling your parents?!?!."

15. The agent/employee also told Plaintiff: "we don't waste time on people that will not pay and we will never call again…I don't waste time with that!"

16. Despite the agent/employee's promise to cease communications, Plaintiff has continued to receive calls from Defendant, on at least two occasions.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

17. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

18. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to alleged consumer debt(s).

19. The Defendant violated §1692d by using harassment and abusive means in attempting to collect a debt.

20. The Defendant violated §1692b by contacting third parties for no authorized purpose.

21. The Defendant used false representations and/or deceptive means to attempt to collect a debt or obtain information concerning the Plaintiff in violation of §§1692e(11).

22. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer damages.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

23. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

24. The Defendant knew or should have known the status of the alleged debt in relation to the Plaintiff, and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

25. The Defendant knew or should have known that said conduct was improper.

26. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

27. The Defendant negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

28. As a result of the Defendant's negligence, the Plaintiff was caused to suffer damages.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

29. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

30. The Defendant knew or should have known the status of the alleged debt in relation to the Plaintiff, and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

31. The Defendant knew or should have known that the said conduct was improper and illegal.

32. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

33. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

34. As a result of the Defendant's recklessness and wantonness, the Plaintiff was caused to suffer damages.

## COUNT FOUR
## INVASION OF PRIVACY

35. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

36. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

37. The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

38. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of Defendant.

39. Said communications constitute the wrongful intrusion into his solitude and seclusion.

40. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

### *Respondeat Superior Liability*

41. The acts and omissions of the agents/employees of Defendant who communicated with Plaintiff were committed within the time and space limits of their agency relationship with their principal, Defendant DCM Services, LLC.

42. The acts and omissions by the agents/employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

43. By committing these acts and omissions against Plaintiff, the agents/employees were

motivated to benefit their principal, the Defendant.

44.     Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agents/employees, including but not limited to violations of the FDCPA, in their attempts to collect this alleged debt from Plaintiff.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the defendant as follows:

A.     Declaratory judgment that the Defendant's conduct violated the FDCPA;

B.     Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

C.     Actual damages for the Defendant's violations of the FDCPA;

D.     Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§1692k;

E.     Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, Reckless and Wanton Training and Supervision; and Invasion of Privacy; and,

F.     Such other relief that this Court deems just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

_____
W. Whitney Seals
ASB 8890-W81S
Pate & Cochrun, LLP
P.O. Box 10448
Birmingham, AL 35202-0448
Phone (205) 323-3900


_____
Michael W. Lindsey
ASB 4328-A63L
Lindsey Law Firm, LLC
One Perimeter Park Dr., Ste 330 N
Birmingham, AL 35243
Phone (205) 970-2233